# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRYAN K. CLAYBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-429-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Bryan K. Clayburn requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on March 12, 1963 and was forty-six years old at the time of the administrative hearing. He has an eleventh grade education and past relevant work as a fence builder, tire sorter, asphalt worker, roller operator, conveyor loader, and janitor (Tr. 20). The claimant alleges that he has been unable to work since October 28, 2008, because of a loss of strength, numbness, pain, and swelling in his hands (Tr. 186).

## Procedural History

The claimant applied on October 31, 2008 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.[3] His application was denied. ALJ Tela Gatewood determined that the claimant was not disabled in a written opinion dated February 7, 2011 (Tr. 11-22). The Appeals Council denied review of this opinion, so the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

---

[3]   The claimant filed a prior application for disability insurance benefits on March 9, 2007. That application was denied. In his decision, the ALJ declined to reopen the application because good cause had not been shown to do so. *See Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990) (finding that the ALJ's decision not to reopen claimant's prior applications for benefits was discretionary and is not subject to judicial review under § 405(g), *citing Califano v. Sanders*, 430 U.S. 99, 107-09 (1977).

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. She found that the claimant has the ability to perform light work as defined in 20 C.F.R. § 404.1567(b), but that claimant would be able to stand/walk for thirty minutes at a time (Tr. 18). The ALJ further limited the claimant to unskilled work (Tr. 18). While the ALJ found that the claimant was not capable of performing his past relevant work, the ALJ found that there was other work in the national economy that claimant is capable of performing, *i. e.*, sewing machine operator and semiconductor bonder (Tr. 22).

## Review

The claimant contends that the ALJ erred: i) by failing to properly analyze the claimant's RFC at step four; ii) by finding that the claimant could perform light work, and iii) by failing to properly analyze the claimant's credibility. The Court finds the claimant's first contention persuasive.

The claimant was referred for an Electromyogram and Nerve Conduction Study by his treating physician Dr. Wellie Adaloan on October 15, 2007 to evaluate complaints of bilateral upper extremity pain and weakness (Tr. 208). The claimant had experienced "progressive numbness and tingling sensation over both palmer surfaces of the hands" (Tr. 208). The study was conducted by Dr. Stafford A. Conway, M.D. at Texoma Neurology Associates. The results revealed that the study was "an abnormal nerve conduction study of both median nerves" suggestive of bilateral carpal tunnel syndrome which was "worse in the right upper extremity" (Tr. 207). Dr. Conway also noted that the results were "more suggestive of a sensory polyneuropathy" (Tr. 207).

The claimant continued to complain of, pain, swelling, and stiffness in his hands (Tr. 298, 301).  Dr. Adloan noted that the neurologist wanted to perform a band release to treat the claimant's carpal tunnel syndrome, but the claimant was unable to have the procedure because of financial reasons (Tr. 298).

The ALJ found at step two that the claimant suffered from severe impairments of bilateral carpal tunnel syndrome, hypertension, obesity, and anxiety (Tr. 14).  The ALJ did not, however, include any limitations on the claimant's use of his hands in the RFC assessment at step four (Tr. 18).

An explanation should be provided when an impairment found to be severe at step two is determined to be insignificant in later stages of the sequential evaluation.  *See Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five.") [unpublished opinion].  *See also Givens v. Astrue*, 2007 WL 3046302, *slip op.* at *4 (10th Cir. Oct. 18, 2007) (noting that without proper explanation the ALJ erred when he "concluded at step two of the analysis that Ms. Givens' depression constituted a severe impairment [and] [t]hat impairment had disappeared from his analysis . . . by the time he reached step five.") [unpublished opinion].  Thus, the ALJ should have explained why the claimant's bilateral carpal tunnel syndrome did not call for a corresponding physical limitation in his RFC.  In reference to the claimant's bilateral carpal tunnel syndrome, the ALJ mentioned only that "the medical evidence did not suggest that the claimant was unable to work due to his condition" and that he was given splints and medication (Tr. 19).  But the ALJ did not discuss substantial evidence that was inconsistent with this

determination, *e. g.*, that a band release procedure was recommended to treat the claimant's bilateral carpal tunnel syndrome (Tr. 298). *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence that he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The ALJ should have explained why he rejected this probative evidence because both jobs identified by the VE, *i. e.*, sewing machine operator and semiconductor bonder, require significant handling and feeling (DICOT §§ 786.685-030; 726.685-066). He should not, as he appears to have done, simply ignore it as inconsistent with his RFC determination. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (finding that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("[The] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper."). *See also Taylor v. Schweiker*, 739 F.2d 1240, 1243 (7th Cir. 1984) ("'[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.'"), *quoting Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982).

For the reasons set forth above, the Court concludes that the decision of the Commissioner should be reversed and the case remanded to the ALJ for proper analysis of the medical opinions of record. If such analysis results in any adjustments to the

claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that the decision of the Commissioner is REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith.

**DATED** this 29th day of March, 2013.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma